SARAH CANFIELD *v.* WM. W. LABOR, AND OTHERS.

**Husband and Wife—Action by Wife.**
    A wife cannot sue to enforce a contract made by her with the defendants, without joining the husband as plaintiff or making him a party defendant.

**Husband and Wife—Deed by Wife.**
    A purchaser of land under contract with a married woman is not bound to accept a deed executed solely by her.

**Husband and Wife—Suit by Wife—Husband Necessary Party.**
    A proceeding in equity by a married woman to authorize her to act as a feme sole is void, where the husband was not a party to the suit.

APPEAL FROM HANCOCK CIRCUIT COURT.

October 11, 1873.

OPINION BY JUDGE PRYOR:

This is rather a small proceeding. This is a penal proceeding to enforce the performance of a contract made with the ap-

pellees without joining the husband as plaintiff, or making him a defendant, and what is equally as singular a deed is tendered by the married woman made as if she was a feme sole and not in conjunction with her husband, in order to show a compliance with the terms of the contract on her part. If she was a feme sole she might bring such an action and tender such a deed, but we know of no law authorizing a feme covert to make such a contract and certainly have been unable to find any recognizing her right to sue as feme sole and make deeds in her own name disregarding altogether the mutual rights of the husband. There are instances when a married woman may make conveyances by virtue of some power conferred by will or deed made by another, or where she is empowered to act as a feme sole under the provisions of our statute, but in a case like this, the contract if it can be enforced at all must be in the name of the husband or the husband and wife jointly and the deed executed by both in order to make the title perfect. A contract, however, made by a married woman is entirely void. If as in this case the vendees of the feme covert take possession of the property she undertakes to convey, the chancellor would not permit them to hold on to it, without complying with its terms, and would either annul the contract or enforce it. The appellant (the feme covert) has failed to make any conveyance of the property and is in no condition to pass title. The proceeding in equity to authorize her to act as a feme sole was null and void as the husband was no party to it, his name being used without right, and the proceeding by an amendment to this action on the part of the wife against the husband for a divorce should have been stricken from the files.

There is no reason for disturbing the judgment of the court below. If the husband and wife have any claim against the appellees for rent this action is no bar to its recovery, as the whole proceeding on the part of the wife from its inception is a nullity. Judgment is affirmed.

*R. Y. Bush, Kincheloe, Sweeney, for appellant.*

*William, Brown, for appellee.*